**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| INTERNATIONAL MEDICAL GROUP, INC., ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> J. LESLIE SMITH, et al., ) <br> ) <br> Defendants. ) | 1:06-cv-280-DFH-JMS |

**Entry Discussing Motions to Dismiss and
for Summary Denial of the Motion to Dismiss**

As used in this Entry, "IMG" refers to the plaintiff, International Medical Group, Inc., "Smith" refers to defendant J. Leslie Smith, and "defendants" refers to Smith, Medibroker International, LLC, and Medibroker Ltd. As used herein, "the motion to dismiss" refers to the defendants' motion to dismiss filed on June 9, 2006.

The motions which are addressed in this Entry are the motion to dismiss and IMG's motion for summary ruling as to the defendants' motion to dismiss for lack of jurisdiction.

Whereupon the court, having considered the pleadings, the foregoing motions and responses to them, and being duly advised, finds that both the motion to dismiss and the motion for summary ruling must be **denied.** This conclusion is based on the following facts and circumstances:

**Subject Matter Jurisdiction**

1. "Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *State of Illinois v. City of Chicago,* 137 F.3d 474, 478 (7th Cir. 1998). Subject matter jurisdiction "defines the court's authority to hear a given type of case." *United States v. Morton,* 467 U.S. 822, 828 (1984). This is a court of limited jurisdiction. The plaintiff has invoked the diversity jurisdiction of this court seeking an adjudication of a contract dispute with the defendant. "A litigant may invoke diversity jurisdiction in federal court when all parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. *Tropp v. Western-Southern Life Ins. Co.,* 381 F.3d 591, 593 (7th Cir. 2004).

2. "Attacks on subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) come in two forms: 'facial attacks' and 'factual attacks.'" *Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A.,* 104 F.3d 1256, 1260-61 (11th Cir.1997) (quoting *Lawrence v. Dunbar,* 919 F.2d 1525, 1528-29 (11th Cir.1990)). *See also Williamson v. Tucker,* 645 F.2d 404, 412 (5th Cir. 1981); *Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507, 511 (5th Cir. 1980). "Facial attacks on the complaint 'require[ ] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" *Garcia,* 104 F.3d at 1261 (quoting *Lawrence,* 919 F.2d at 1529). S*ee Williamson,* 645 F.2d at 412. When a facial attack is involved, as with a motion under Rule 12(b)(6), "[a] motion under 12(b)(1) should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." *Home Builders Ass'n of Miss., Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998) (citing *Benton v. United States,* 960 F.2d 19, 21 (5th Cir. 1992)).

3. The challenge to the subject matter jurisdiction is unpersuasive.

a. All three defendants are citizens of the United Kingdom. For diversity purposes, IMG is a citizen of Indiana. These circumstances support the exercise of alienage jurisdiction pursuant to 28 U.S.C. § 1332(a)(2)(creating diversity jurisdiction over an action between "citizens of a State and citizens or subjects of a foreign state"). This statute, in fact, tracks the language of Article III of the Constitution, which extends the federal judicial power to "all cases . . . between a State, or Citizens thereof, and foreign States, Citizens, or Subjects."

b. Medibroker International, LLC, is treated as a partnership for purposes of determining citizenship. See *Cosgrove v. Bartolotta,* 150 F.3d 729 (7th Cir. 1998)(all associations other than corporations have the citizenship of each partner or member). The pleadings and the papers filed in conjunction with the motion to dismiss contain no suggestion that one of the partners or owners of Medibroker International, LLC, is a citizen of Indiana. This is something which should be discussed at the pretrial conference of February 20, 2007, for a contrary showing could destroy diversity jurisdiction. See *Intec USA, LLC v. Engle,* 467 F.3d 1038 (7th Cir. 2006). This factor, together with the other matters noted in paragraph 3.a. of this Entry, support the existence of diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(3)(creating diversity jurisdiction between "citizens of different States and in which citizens or subjects of a foreign state are additional parties").

4. The burden for establishing federal subject matter jurisdiction rests with the party bringing the claim. See *McCormick v. Aderholt,* 293 F.3d 1254, 1257 (11th Cir. 2002) (per curiam). IMG has met that burden in this case by properly invoking the court's diversity jurisdiction. This portion of the motion to dismiss is therefore **denied.**

**In Personam Jurisdiction**

5. The motion to dismiss advances the argument that this court does not have *in personam* jurisdiction over the defendants.

6.  An analysis of whether a federal district court may exercise personal jurisdiction over a defendant pursuant to the forum state's long arm statute typically requires a two-step approach, involving an analysis of (i) whether the statute may be applied to require the defendant to defend in the forum and (ii) whether under the circumstances of that case, requiring the defendant to defend in the forum is consistent with due process. This analysis has been simplified in Indiana, however, because the Indiana long arm statute, Indiana Rule of Trial Procedure 4.4(A), has been interpreted to accord jurisdiction to the full limits of due process. LinkAmerica Corp. v. Albert, 857 N.E.2d 961, 967 (Ind. 2006)("The 2003 amendment to Indiana Trial Rule 4.4(A) was intended to, and does, reduce analysis of personal jurisdiction to the issue of whether the exercise of personal jurisdiction is consistent with the Federal Due Process Clause. Retention of the enumerated acts found in Rule 4.4(A) serves as a handy checklist of activities that usually support personal jurisdiction but does not serve as a limitation on the exercise of personal jurisdiction by a court of this state."). Thus, in determining whether this court has personal jurisdiction over the defendants the inquiry is limited to whether Due Process permits this court to exercise jurisdiction.

7.  "In determining whether specific jurisdiction should be asserted over the defendant, the court should assess the relationship among the defendant, the forum, and the litigation." *NUCOR Corp. v. Aceros y Maquilas de Occidente, S.A.,* 28 F.3d 572, 5780 (7th Cir. 1994). In order to support the exercise of long-arm jurisdiction, "it is essential in each case that there be some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253 (1958). The relationship among the defendant, the forum, and the litigation is the focus of the inquiry into whether defendant purposefully availed himself of the privilege of conducting activities in the forum state. *Shaffer v. Heitner,* 433 U.S. 186, 204 (1977).

8.  The complaint sets forth a variety of bases on which *in personam* jurisdiction could be asserted over the defendants. The language of the complaint tracks certain portions of Trial Rule 4.4(a). The language of the complaint is that Smith, and through him the other defendants,

> (i) has done business in the state of Indiana at all times relevant herein, and/or (ii) regularly does or solicits business or engages in a persistent course of conduct, or derives substantial revenue or benefit from goods, materials, or services used, consumed, or rendered in the state of Indiana. This action arises from one or more of the following acts committed by Smith and/or his agents(s): (i) doing business in the state of Indiana; (ii) causing personal injury or property damage by an act or omission done within the state of Indiana; (iii) causing personal injury or property damage in the state of Indiana by an occurrence, act or omission done outside the state of Indiana, and (iv) abusing, harassing, or disturbing the peace of persons within the state of Indiana by an act or omission done in or outside the state of Indiana as part of a continuing course of conduct having an effect in the state of Indiana.

9.      The circumstances in this case are such that minimum contacts between the defendants and the State of Indiana are present. The recitation of contacts between the defendants and the State of Indiana set forth in IMG's complaint amply alleges the acts by which the defendants have purposely availed themselves of the privilege of conducting activities within the State of Indiana, thus invoking the benefits and protections of its laws. This supports the exercise of in personam jurisdiction over the defendants, and this portion of the motion to dismiss must therefore be **denied.**

**IMG's Motion for Summary Ruling**

10. IMG's motion for summary ruling as to the motion to dismiss seeks relief predicated on the defendants' failure to follow the rules and certain orders of the court relating to discovery. The motion to dismiss is **denied** for the reasons already explained in this Entry, but in any event the arguments in that motion could not reasonably be rejected as a sanction for discovery violations. A contrary view would permit the court to deny a challenge to at least subject matter jurisdiction (which cannot be waived or created by the parties) as a sanction. The motion for summary ruling on the motion to dismiss is therefore **denied.**

So ordered.

_David F. Hamilton_
DAVID F. HAMILTON, Judge
United States District Court

Date:   2/16/2007

Distribution:

Cara Renee Brook
BAKER & DANIELS
cara.brook@bakerd.com

Ryan Andrew Hamilton
BAKER & DANIELS
ryan.hamilton@bakerd.com

James Patrick Hanlon
BAKER & DANIELS
jphanlon@bakerd.com

Michael Ryan Hartman
BINGHAM MCHALE, LLP
mhartman@binghammchale.com

Rafael A. Sanchez
BINGHAM MCHALE
rsanchez@binghammchale.com

Joseph H. Yeager Jr
BAKER & DANIELS
jhyeager@bakerd.com

J. Leslie Smith
PMB 1117
5200 N. Federal Highway, Suite 2
Ft. Lauderdale, FL 33308